IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL PERRYMAN, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-709-RAH |
| | ) | (WO) |
| SONJA PRITCHETT, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by John Michael Perryman, II, an indigent county inmate. In the instant complaint, Perryman alleges officers at the Montgomery County Detention Facility subjected him to the use of excessive force on June 24, 2019. Doc. 1 at 2–3.

The defendant filed a special report supported by relevant evidentiary materials, including affidavits, an incident report and Perryman's medical records, in which she addresses the claims presented by Perryman. *See* Docs. 8-1 thru 8-6. Specifically, the defendant denies any involvement in the challenged use of force and states that those officers involved with this use of force used only the force necessary to gain control of Perryman after he refused their orders to be handcuffed and assaulted two of the officers. Doc. 8-1 at 3. It is clear from both the complaint and special report filed by defendant Pritchett that the defendant did not personally participate in the use of force about which the plaintiff complains. Moreover, the complaint fails to assert a causal connection

between defendant Pritchett and the alleged constitutional deprivation. Under these circumstances, any conceivable liability on the part of the defendant is solely based on a theory of respondeat superior or vicarious liability. However, the law is well-settled that a defendant in a 42 U.S.C. § 1983 action cannot be held liable for acts of her fellow employees due only to respondeat superior or vicarious liability. *Polk County v. Dodson,* 454 U.S. 312, 325v(1981); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of respondeat superior."); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[O]fficials are not liable under § 1983 for the unconstitutional acts of their subordinates [or co-workers] on the basis of respondeat superior or vicarious liability."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), (citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396) (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold officials liable for the actions of other officials under either a theory of respondeat superior or vicarious liability.). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.

Upon review of the defendant's report and supporting evidentiary materials, the court entered an order directing Perryman to file a response to these documents. Doc. 18. The order advised Perryman that his failure to respond to the report and supplement thereto as directed in the order would be treated by the court "**as an abandonment of the claims**

set forth in the complaint and as a failure to prosecute this action." Doc. 18 at 2 (emphasis in original).  Additionally, the court "**specifically cautioned [Perryman] that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure.**" Doc. 18 at 2 (emphasis in original).  The time allotted Perryman to file a response in compliance with this order expired on November 30, 2020.  Doc. 18 at 2.  As of the present date, Perryman has failed to file a response in opposition to the defendant's special report as ordered by the court.  In light of Perryman's failure to file a response, the court finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007).  After such review, it is clear that dismissal of this case is the proper course of action.  Specifically, Perryman is an indigent inmate.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, his inaction in the face of the defendant's report and this court's order suggests a loss of interest in the continued prosecution of this case.  Finally, it likewise appears that any additional effort by this court to secure Perryman's compliance would be unavailing and a waste of this court's scarce judicial resources.  Consequently, the court concludes the abandonment of this case by Perryman and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure

to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons and because the defendant is not liable for the alleged unconstitutional acts of her subordinates or co-workers on the basis of respondeat superior or vicarious liability, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice.

On or before **January 19, 2021** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to

factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 5th day of January, 2021.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE